## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**JERRY LEE HENDRICKS,** )<br>)<br>**Defendant.** ) | Case No. 12-20025 |

### OPINION AND ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Jerry Hendricks' Motion for Compassionate Release (d/e 157) and Amended Motion for Compassionate Release (d/e 171), in which Defendant requests a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). Considering the sentencing factors in 18 U.S.C. § 3553(a), Defendant has not shown that such a reduction is warranted. Therefore, Defendant's Motions are DENIED.

### BACKGROUND

On June 26, 2014, Defendant Jerry Hendricks was convicted of four counts of sexual exploitation of a minor, in violation of 18 U.S.C. §§ 2251(a), 2251(e), and 3559(e)(1); one count of possession

of child pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2); and one count of failure to register as a sex offender in violation of 18 U.S.C. § 2260(a).  Defendant was then sentenced on June 26, 2014, to a life term of imprisonment on Counts One through Four, a consecutive term of 20 years' imprisonment on Count Five, and a consecutive term of 10 years' imprisonment on Count Six.  The Seventh Circuit affirmed the Defendant's conviction on September 25, 2015.  United States v. Hendricks, 615 Fed. Appx. 383 (7th Cir. 2015).

Defendant filed a pro se Motion for Compassionate Release on June 14, 2022 (d/e 157).  After the Court appointed counsel, Defendant filed an Amended Motion for Compassionate Release on September 1, 2022 (d/e 171).  Defendant seeks compassionate release because of his old age and accompanying medical record, as well as a lack of disciplinary record.  On September 14, 2022, the Government filed a Response (d/e 173) in opposition to Defendant's motion.

Defendant proposes to live with his daughter and son-in-law if released from custody.  The United States Probation Office, in a Memorandum (d/e 172) addressing Defendant's request for

compassionate release, concludes that Defendant's daughter's house is a suitable residence for Defendant. However, the Probation Office notes that the ultimate decision lies in the discretion of the U.S. Probation Office in the District of South Carolina.

## LEGAL STANDARD

The Court is generally statutorily prohibited from modifying a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c). However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met. See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act, codified at 18 U.S.C. § 3582(c)(1)(A), allows an inmate to file a motion for compassionate release with the Court after exhausting certain administrative remedies. The statute provides:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of

> imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). "Only after finding an extraordinary and compelling reason for release need the [Court], as part of 'exercising the discretion conferred by the compassionate release statute, . . . consider any applicable sentencing factors in § 3553(a).'" United States v. Ugbah, 4 F.4th 595, 597 (7th Cir. 2021) (quoting United States v. Thacker, 4 F.4th 569, 576 (7th Cir. 2021)).

**ANALYSIS**

As an initial matter, the parties dispute whether Defendant properly exhausted his administrative remedies under 18 U.S.C. § 3582(c)(1)(A). Defendant's motion cites two bases for compassionate release: (1) a lack of disciplinary history and (2) his old age and relevant medical record. As to the lack of disciplinary history, Defendant never sought release from the Bureau of Prisons

on this ground. Defendant, therefore, has failed to exhaust his administrative remedies with respect to his lack of disciplinary history. See United States v. Williams, 987 F.3d 700 (7th Cir. 2021) (holding that an inmate must present same or similar grounds for compassionate release in a request to the Bureau of Prisons as in a motion to the court to properly exhaust their administrative remedies).[1]

However, there is no dispute that Defendant's motion as it relates to his old age and medical ailments is properly before the Court after Defendant exhausted his administrative remedies under section 3582(c)(1)(A). The dispute here, then, concerns whether Defendant has presented extraordinary and compelling reasons warranting compassionate release.

Defendant is 75 years old, wears adult diapers, requires oxygen, and requires a wheelchair. He also suffers from a litany of other conditions, including chronic obstructive pulmonary disease, chronic airway obstruction, coronary artery disease, hypertension,

---

[1] Even if Defendant had exhausted his administrative remedies as to his lack of disciplinary record, the Seventh Circuit has held that neither a potential pending deportation known at sentencing nor good disciplinary records are extraordinary or compelling reasons under section 3582(c)(1)(A). See Ugbah, 4 F.4th at 597.

hypothyroidism, stage-3 chronic kidney disease, constipation, essential tremor, gastroesophageal reflux disease, hyperlipidemia, osteoarthritis of the hip and knee, and a left hip prothesis. Defendant also states that he contracted, and recovered from, COVID-19. He cites lasting after-effects, including memory and cognitive dysfunction. Defendant has since been vaccinated against COVID-19.

    Defendant's medical records note that while his mobility is limited to use the wheelchair for any movement outside of the room, he can stand, transfer, and move around his room without the assistance of a wheelchair. The medical records also state that the Defendant's health ailments are being moderated through medication and that the Defendant has no problems with activities of daily living (d/e 175). The records also note that Defendant has fully recovered from COVID-19. While the record states that Defendant has no problems with activities of daily living, it also states that he has "significant" degenerative joint disease history and relies on medication for pain management and regulation of his medical conditions (d/e 175).

In United States v. Sarno, the defendant's osteoarthritis prevented him from performing daily tasks on his own. 37 F.4th 1249, 1252 (7th Cir. 2022) (affirming decision denying compassionate release because of section 3553 factors despite defendant's poor health constituting extraordinary and compelling reason for relief). The defendant's immobility was compounded by other health conditions, including respiratory disease, obesity, hypertension, and kidney dysfunction. Id. Here, while Defendant's condition may not be as severe as the defendant's in Sarno, the cumulative effect of Defendant's ailments impair Defendant's independence and quality of life. Defendant's poor health is an extraordinary and compelling circumstance.

However, not every inmate who demonstrates extraordinary and compelling circumstances is automatically entitled to compassionate release. The Court must next consider whether, given the extraordinary and compelling reasons for release presented here, a reduction in Defendant's sentence is warranted and "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). After

considering the factors set forth in 18 U.S.C. § 3553(a),[2] the Court finds that a reduction in Defendant's term of imprisonment is not warranted.

In committing the offense for which he is currently imprisoned, Defendant abused the seven-year-old daughter of his ex-girlfriend, who had welcomed him into her home. Moreover, he personally took and possessed multiple photographs depicting child pornography. Defendant also has an extensive criminal record which includes four previous convictions of sex offenses involving minors (d/e 59, at 6). The "nature and seriousness" of the offenses for which Defendant was convicted of—sexual intercourse with minors, lewd acts on a child under 16, and assault and battery—militate strongly against an early release. See 18 U.S.C. § 3553(a)(1). Each of Defendant's sex offenses have exploited progressively younger child victims, a subset of the population that is incredibly vulnerable to sexual exploitation. The Court finds that a reduced sentence in this case would not sufficiently "protect the public from further crimes of the defendant." See 18 U.S.C.

---

[2] The applicable policy statement issued by the Sentencing Commission—the U.S. Sentencing Guidelines Manual—state that a court should "consider[] the factors set forth in 18 U.S.C. § 3553(a)." U.S.S.G. § 1B1.13.

§ 3553(a). The Court also finds that a significantly reduced sentence would not "promote respect for the law," "provide just punishment for the offense," or provide adequate deterrence to criminal conduct like Defendant's. See id.

## CONCLUSION

For the reasons set forth above, Defendant Jerry Hendricks's Motion for Compassionate Release (d/e 171) and pro se Motion for Compassionate Release (d/e 157) are DENIED.

**IT IS SO ORDERED.**
**ENTERED: September 29, 2022**
**FOR THE COURT:**

/s/ Sue E. Myerscough
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**